**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

ROSS LATINI,

     *Plaintiff,*

v.

SENTINEL OFFENDER SERVICES,
LLC,

     *Defendant.*

CASE #: 6:26-cv-01397-TMC-MHC

**COMPLAINT**

Plaintiff alleges the following against Defendant:

## PARTIES AND JURISDICTION

1. Plaintiff Ross Latini is a resident of Greenville County, South Carolina.

2. Sentinel Offender Services, LLC, is a Delaware limited liability company with its principal place of business in California.

3. For diversity purposes, Sentinel Offender Services, LLC, is a single-member LLC made up of a series of single-member LLCs, all of whom are Delaware LLCs. Based on a review of filings in other cases involving Sentinel Offender Services, LLC, Defendant is a citizen of Delaware or California. Regardless of which state it is, Delaware or California, there is complete diversity. Defendant is not a citizen of South Carolina.

4. Plaintiff and Defendant are citizens of different states.

5. The amount in controversy is well over $75,000.

6. The events described in this Complaint took place in Greenville County, which is in the District of South Carolina.

7. Because this case involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8. Plaintiff also sues Defendant under 42 U.S.C. § 1983 and the Court additionally has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

9. Because the events described in this Complaint occurred in the District of South Carolina, venue is appropriate in this Court.

## FACTS

10. Plaintiff was involved in a motor vehicle accident on October 14, 2022.

11. On or about January 10, 2024, Plaintiff was indicted in the Greenville County Court of General Sessions for driving under the influence and reckless homicide.

12. On or about January 10, 2024, Plaintiff pled guilty to reckless homicide and received a sentence of ten years suspended upon time served and five years of probation.

13. As part of the sentence, Plaintiff was required to wear a Secure Continuous Remote Alcohol Monitor ("SCRAM").

14. A SCRAM is supposed to monitor a person to determine if they ingest alcohol.

15. SCRAM is monitored by Defendant.

16. Defendant is an offender management company that contracts with hundreds of agencies around the country to provide various supervision and monitoring services related to criminal justice programs.

17. Defendant has a contract with Greenville County to provide supervision and monitoring services.

18. As part of Defendant's contract with Greenville County, Defendant supervised offenders sentenced to SCRAM.

19. The SCRAM monitoring system has documented problems including false positives, malfunctions, and tamper warnings when there has been no tampering.

20. Upon information and belief, Defendant had actual knowledge of widespread problems with monitoring devices, including SCRAM devices.

21. As recently as July of 2024, members of the Congress of the United States notified the Defendant of serious issues with the Defendant's electronic monitoring devices.

22. Defendant has been the subject of previous lawsuits related to monitoring

problems and knows there are problems with the data allegedly received from monitors.

23. On May 29, 2025, Defendant reported a tamper event to the Greenville County Department of Public Safety.

24. Defendant took no action or steps to investigate the alert. It did not ask Plaintiff for any explanation or take any other action to determine if the alert was a false alarm.

25. Plaintiff had not been drinking and has not violated the conditions of his probation or the SCRAM.

26. Plaintiff did not tamper with the SCRAM, nor did he receive any alerts that there was a problem with the SCRAM.

27. There were no other probation violations and Plaintiff was never informed of any violations, including the false violation allegation that sent him to jail.

28. Based on that "tamper event" reported by Defendant, Plaintiff was automatically terminated from the Home Incarceration Program, and the Greenville County Department of Public Safety sought a bench warrant for Latini's arrest based solely on the report from Defendant.

29. Based on information provided by the Defendant, a bench warrant was issued for Plaintiff's arrest.

30. Neither Plaintiff nor his defense counsel were made aware of the bench warrant.

31. The bench warrant was served on June 25, 2025, and Plaintiff was confined in jail until a hearing was held on July 18, 2025.

32. At the July 18 hearing, the presiding judge found there was no willful violation of any supervisory conditions and Plaintiff was released from jail.

33. Greenville County has delegated the function of monitoring court-ordered conditions of release to Defendant.

34. Greenville County relies exclusively on Defendant's reports and information to determine whether violations have occurred.

35. Greenville County has no independent monitoring capabilities. It solely relies on Defendant.

## CLAIM 1

### Negligence

36. Defendant had a duty to Plaintiff to supervise him in a proper manner, treat him fairly during his supervision, and accurately report his activities to the Court.

37. Defendant negligently, willfully, and recklessly breached its duties to Plaintiff in one or more of the following ways:

   a. Failing to ensure its monitoring devices were working properly.

   b. Failing to inspect its monitoring devices.

   c. Failing to use and maintain monitoring devices to ensure they worked properly.

   d. Failing to communicate with Plaintiff to avoid false alarms or false allegations of violations that did not occur.

   e. Failing to investigate the alert prior to reporting, despite knowledge such report would send Plaintiff to jail.

   f. Failing to ensure the accuracy of allegations reported to the Court.

38. As a result of Defendant's breach of duty to Plaintiff, Plaintiff was jailed for approximately 23 days.

39. Defendant is responsible for all damages to Plaintiff resulting from its breach of duty including actual damages and punitive damages.

## CLAIM 2

### False Imprisonment

40. Defendant, through its agents, caused the arrest of Plaintiff and his being taken into custody.

41. Defendant restrained Plaintiff by causing, instigating, and/or procuring his arrest.

42. The arrest of Plaintiff was based on false information provided by Defendant and was unlawful.

-4-

43. Defendant's false imprisonment of Plaintiff has caused damage to the Plaintiff including, but not limited to, restraint of his freedom, emotional and physical damages, and damage to his character and reputation.

44. Plaintiff is entitled to actual and punitive damages suffered because of his false imprisonment by Defendant.

## CLAIM 3

### Malicious Prosecution

45. A judicial proceeding was instituted against Plaintiff.

46. Defendant was the sole instigator of the judicial proceeding when Defendant reported Plaintiff had violated his probation by tampering with his SCRAM.

47. Defendant's allegations against Plaintiff were the sole basis for the proceedings and Plaintiff would not have been jailed without the report from Defendant.

48. The proceedings were terminated in Plaintiff's favor when the presiding judge found that there was no violation of probation, all compliance credits were restored, and the bench warrant issued in this matter was lifted.

49. Plaintiff never violated his probation or the conditions of the SCRAM.

50. The allegations against Plaintiff were false and unfounded.

51. Defendant lacked probable cause to claim Plaintiff had tampered with his SCRAM.

52. Defendant acted with malice, as evidenced by its intentional or reckless disregard of the known unreliability of its monitoring devices and its failure to conduct any investigation prior to reporting.

53. In South Carolina, reckless disregard for the truth in instituting proceedings constitutes malice sufficient to support a claim of malicious prosecution.

54. Plaintiff has suffered damages including embarrassment, humiliation, mental anguish, loss of standing in the community and other pain and suffering.

55. Plaintiff is entitled to an award of actual and punitive damages because of Defendant's acts.

## CLAIM 4

### § 1983 violation – (Procedural Due Process)

56. Defendant had authority to supervise and punish Plaintiff by way of its contract with Greenville County to supervise offenders in the criminal justice system.

57. Defendant specifically had authority over Plaintiff based on its contractual role with Greenville County as the entity supervising SCRAM devices, including specifically the device which was used to monitor Plaintiff.

58. In supervising Plaintiff after his conviction, Defendant was performing a function that is traditionally and exclusively reserved to the Government.

59. At all times relevant to this Complaint, Defendant derived its authority from the delegation of that authority by Greenville County and/or the State of South Carolina to the Defendant.

60. Based on its relationship with the County and the role it was serving at the time this claim arose, Defendant was acting under color of state law.

61. Plaintiff had a due process right under the Fourteenth Amendment to the United States Constitution not to be placed in jail for no reason, an arbitrary reason, or an insufficient reason.

62. Defendant deprived Plaintiff of his liberty and caused his imprisonment.

63. Defendant deprived Plaintiff of due process by causing his imprisonment, including but not limited to the following ways:

    a. Failing to inform him of the alleged violation that led to his imprisonment,

    b. Failing to investigate and verify the alleged violation,

    c. Failing to allow Plaintiff to dispute the alleged violation,

    d. Failing to accurately describe the alleged violation, and

    e. Failing to recognize the allegation was false.

64. Defendant acted with reckless and/or deliberate indifference to Plaintiff's rights, causing him to be jailed for no reason for a significant amount of time.

65. Defendant is responsible for all damages from its violation of Plaintiff's rights,

including actual and punitive damages, as well as attorney's fees.

**CLAIM 5**

**§ 1983 violation – (Substantive Due Process)**

66. As previously alleged, Defendant was acting under color of law at the time the claims in this Complaint arose.

67. Plaintiff has a right to substantive due process under the Fourteenth Amendment to the United States Constitution.

68. The Defendant's actions towards Plaintiff violated his substantive due process rights by applying an arbitrary and unfair standard to the SCRAM and probation process to take his liberty.

69. Defendant acted with reckless and/or deliberate indifference to Plaintiff's rights, causing him to be jailed for no reason for a significant amount of time.

70. Defendant's actions in using an unreliable device as support for an allegation of a violation without any investigation, verification, or notice, directly resulted in Plaintiff's incarceration.

71. These actions were arbitrary and shock the conscience, resulting in a violation of Plaintiff's substantive due process rights.

72. Defendant is responsible for all damages from its violation of Plaintiff's rights, including actual and punitive damages, as well as attorney's fees.

**PRAYER FOR RELIEF**

Plaintiff has fully pled his causes of action and asserts his Seventh Amendment right to a trial by jury and asks this Court to render judgment in his favor and award the following relief:

    a. All actual damages;

    b. All special or consequential damages;

    c. Punitive damages in an appropriate amount;

    d. The costs of this action;

    e. Attorneys' fees as provided by any applicable statute or other authority,

-8-

including but not limited to 42 U.S.C. § 1988; and

f.  Any other relief the Court deems just and proper.

Respectfully Submitted,

***s/ Joshua Snow Kendrick***
Joshua Snow Kendrick (9037)
KENDRICK & LEONARD, P.C.
7 Mills Avenue (29605)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

Greenville, South Carolina
April 2, 2026